IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH S., Individually and as Mother and Next Friend of A.B., a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>OKLAHOMA CITY PUBLIC SCHOOLS, I-89, a political subdivision of the State of Oklahoma, JAMES ELLIS, TRINA LILES and JOYCE BURRATTI,<br><br>Defendants. | Case No. CIV-08-105-M |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment and Brief in Support [docket no. 42], filed June 1, 2009. On July 2, 2009, plaintiff filed her response, and on July 13, 2009, defendants filed their reply and motion to strike affidavit of Laura Sneed and testimony of Lacrista Bagley-Risener. On July 20, 2009, plaintiff filed her response to defendants' motion to strike. Based upon the parties' submissions, the Court makes its determination.

I.   MOTION TO STRIKE

Defendants' reply, which the Court construes as a motion to strike, requests the Court to strike the affidavits and/or testimony of Lacrista Bagley-Risner ("Bagley"), Laura Sneed ("Sneed"), Willie Edwards ("Edwards") and Rochelle Converse ("Converse").

Defendants assert that the affidavit and testimony of Bagley, submitted as Exhibit B to plaintiff's response, must be stricken as inadmissible hearsay. In her affidavit, Bagley states that she was informed by her son and two friends that A.B. and defendant James Ellis ("Ellis"), a former teacher at New John Marshall High School, were having a sexual relationship. Bagley states that she sent an e-mail to defendant Trina Liles ("Liles"), Principal of New John Marshall High School;

Joyce Buratti ("Buratti"), Counselor of New John Marshall High School; and Converse, Regional Executive Director of defendant Oklahoma City Public Schools, Independent School District No. 89.  Bagley goes on to state that "[a] few days later I received an email from Ms. Liles that stated I should not make these accusations unless I had proof."  Response, Exhibit B, at 1.

According to defendants, the testimony as to what Bagley's son told her about the supposed relationship between A.B. and defendant Ellis is hearsay and must be stricken, and her testimony about defendant Liles is patently unreliable.  Plaintiff, however, contends the affidavit and testimony of Bagley are not offered to prove that defendant Ellis raped A.B., but to prove she sent e-mails and had phone conversations with those authorities to end the abuse.  Having reviewed the parties' submissions, the Court finds the affidavit and testimony of Bagley are not hearsay because the evidence is not offered to prove the truth of the matter asserted.  Accordingly, the Court finds that the affidavit and testimony of Bagley are admissible and should not be stricken.

Defendant next asserts the affidavit of Sneed, a private investigator for plaintiff's counsel's law firm, must be stricken.  Sneed purports to testify about a conversation with defendant Liles in which defendant Liles is said to have made statements about defendant Ellis and A.B.  However, defendant contends that Sneed was not included in plaintiff's Federal Rule of Civil Procedure 26 disclosures, was not identified in plaintiff's discovery responses and is not listed in plaintiff's witness list.  Thus, defendant avers that until they received plaintiff's response to summary judgment, they were not aware that plaintiff intended to use Sneed as a witness, or of the potential testimony she might offer.

Pursuant to Rule 26(a)(1)(A), a party must provide to the other parties the name of each individual likely to have discoverable information, along with the subject of discoverable

information, *unless the use would be solely for impeachment*. Having reviewed the parties' submissions, it appears to the Court that plaintiff intends to use Sneed's testimony for impeachment purposes only. Furthermore, as counsel for defendants were made aware of Sneed and her investigation regarding defendant Liles shortly after defendant Liles' deposition, the Court finds that defendants are not unfairly surprised as to the instant evidence and witness. Therefore, the Court finds that her testimony would be, and hereby is, admissible. The Court also grants plaintiff leave to supplement her witness list to include Sneed.

Defendant also asserts that the evidence regarding Edwards, an Oklahoma City Police Officer, is hearsay. In paragraph 6 on page 5 of her response, plaintiff asserts that Edwards "confronted A.B. about the relationship (with defendant Ellis) and asked her if everything was alright." Defendant contends that this supposed evidence of statements by Edwards is hearsay and must be excluded. Having reviewed the parties' submissions, the Court finds that Edwards is a listed witness and can testify to any action or conversation he had with A.B. The Court, therefore, finds the instant testimony is admissible.

Finally, defendant asserts that the testimony of Converse, pertaining to a plan of improvement given to defendant Liles is inadmissible because it is irrelevant to this lawsuit. Having reviewed the parties' submissions, the Court finds that the proffered testimony of Converse is significant to this litigation because she has evidence concerning how well defendant Liles performed her duties. The Court, therefore, finds the instant testimony is admissible.

Accordingly, the Court denies the motion to strike in its entirety and grants plaintiff leave to supplement her witness list to include Sneed as a witness.

II.     MOTION FOR SUMMARY JUDGMENT

A.   Introduction

Plaintiff's case stems from a series of alleged incidents of sexual harassment and abuse committed by defendant Ellis against A.B. while she was a student at New John Marshall High School, located in the Oklahoma City Public School District. Plaintiff asserts that between November of 2006 and June of 2007, defendant Ellis, a teacher at A.B.'s school, inappropriately hugged, sexually groped A.B.'s private parts, and forced A.B. to perform oral sex numerous times in his classroom at New John Marshall High School. Purportedly, defendant Ellis forced A.B. to participate in the above behavior during the ten (10) minute period between his classes, in which she was a student and he was her teacher, and during her lunch period. Furthermore, plaintiff alleges that defendant Ellis forced A.B. to perform oral sex on him and forced oral sex and intercourse upon A.B. at other locations, including, but not limited to, the soccer fields at New John Marshall High School, the vehicle driven by defendant Ellis, and at the home of A.B. Plaintiff became aware of the inappropriate conduct in June 2007 via text messaging by defendant Ellis to A.B. and contacted the Oklahoma City Police Department. After defendant Oklahoma City Public Schools ("District") officials became aware of criminal allegations against defendant Ellis, defendant Ellis was informed that he would not be allowed to work until the allegations were resolved to the District's satisfaction. Defendant Ellis tendered his resignation on August 20, 2007.

Plaintiff commenced this action alleging, *inter alia*, violations of 42 U.S.C. § 1983 and Title IX, intentional infliction of emotional distress and negligence *per se*. Defendants now move for summary judgment on all claims on the basis that there is no dispute of material fact, genuine or otherwise, and defendants are entitled to judgment as a matter of law.

B.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

    C.    <u>Discussion</u>

        1.    <u>Title IX</u>

In her first cause of action, plaintiff alleges a violation of Title IX based on sexual assaults by defendant Ellis on A.B. occurring between November of 2006 and June of 2007. Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...." 20 U.S.C. § 1681(a). It is well-established that a private cause of action for damages under Title IX exists against a school district

5

based upon teacher-on-student sexual harassment. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 639-40 (1999); *Morse v. Regents of Univ. of Colo.*, 154 F.3d 1124, 1127 (10th Cir. 1998). "[P]laintiffs may proceed on a claim under Title IX if they have sufficiently alleged that: (1) they were subjected to *quid pro quo* sexual harassment or subjected to a sexually hostile environment; (2) they brought the situation to the attention of an official at the educational institution receiving Title IX funds who had the 'authority to take corrective action' to remedy the harassment; and (3) that the institution's response to the harassment amounted to 'deliberate indifference.'" *Morse*, 154 F.3d at 1127-28 (emphasis in original).

For purposes of summary judgment, defendants concede that an inference exists that defendant Ellis engaged in sexual misconduct. On this basis, the Court finds the first element of plaintiff's Title IX claim is met.

The second element of a Title IX claim is that an appropriate person within the school district had actual knowledge of sexual harassment. In this case, defendants assert that none of the appropriate persons, including the principal, assistant principals or the superintendent had actual knowledge of sexual abuse or of a risk of sexual abuse by defendant Ellis. Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds genuine issues of material fact concerning whether the officials within the school district had actual knowledge of sexual harassment and abuse pertaining to defendant Ellis and A.B. Specifically, it appears that Bagley sent an e-mail to defendant Liles and Converse informing them of a sexual relationship between defendant Ellis and A.B. and believing they should conduct an investigation. Furthermore, plaintiff submitted evidence that defendant Liles may have actual knowledge based upon the allegation of

inappropriate touching of A.B. by defendant Ellis in the school cafeteria. Further, Sneed allegedly conducted an interview with defendant Liles where she indicated that defendant Ellis was "touchy feely." Therefore, the Court finds that the second element of plaintiff's Title IX claim is met.

The remaining element which plaintiff must establish is that defendant District was deliberately indifferent to the allegations of sexual harassment and misconduct. Defendants assert that defendant District first learned of the alleged sexual misconduct by defendant Ellis with A.B. when the information was made public by the Oklahoma City Police Department, and defendant Ellis was criminally charged. This occurred after the 2006-2007 school year ended on June 1, 2007. Because defendant District, specifically defendant Liles, had no notice of sexual harassment or misconduct by defendant Ellis during the school year, defendants contend their actions cannot be shown to be unreasonable.

Viewing the evidence in the light most favorable to plaintiff, the Court finds a genuine issue of material fact as to whether defendants were deliberately indifferent to the allegation of sexual harassment and misconduct. Specifically, the Court finds that plaintiff submitted evidence sufficient to demonstrate that one or more defendants actions may have been clearly unreasonable when informed of the instant allegations. It appears that certain defendants, upon receiving information of possible sexual harassment and misconduct between defendant Ellis and A.B., failed to take appropriate action. In this manner, the Court finds that defendants were deliberately indifferent to the possible sexual harassment and misconduct.

Accordingly, the Court finds that the motion for summary judgment should be denied as to plaintiff's Title IX claim.

    2.  <u>Intentional Infliction of Emotional Distress</u>

In Count II of her Amended Complaint, and based upon the same facts, plaintiff alleges the acts of defendants amount to intentional infliction of emotional distress. For purposes of summary judgment, defendants do not dispute that, if true, defendant Ellis' actions were outrageous. However, defendants contend that they cannot be liable for defendant Ellis' actions as a matter of law.

As an initial matter, defendants assert that defendant Ellis was not acting within the scope of his employment. The Oklahoma Supreme Court has observed:

> As a general rule, it is not within the scope of an employee's employment to commit an assault on a third person. However, this general rule does not apply when the act is one which is "fairly and naturally incident to the business," and is done "while the servant was engaged upon the master's business and be done, although mistakenly or ill advised, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business." An employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer.

*Nail v. City of Henryetta*, 911 P.2d 914, 917-918 (Okla. 1996).

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds a genuine issue of material fact concerning whether defendant Ellis was acting within the scope of his employment when he allegedly committed these atrocious acts on A.B. Specifically, the Court finds that the alleged conduct of defendant Ellis touching and groping A.B. would fall in line with acts committed within the scope of his employment because, if proven, they are incident to some service being performed for the employer or arise out an emotional response to actions being taken for the employer.

Defendants next assert that defendants Liles and Buratti cannot be liable under the theory of respondeat superior for sexually abusive acts by an employee. While the doctrine of respondeat superior permits the imposition of liability upon the master for the acts of a servant, *Nail*, supra., the issue for the Court's determination is whether defendants Liles and Buratti committed any acts within the scope of their employment which are attributable to defendant District. Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds evidence that defendants Liles and Buratti witnessed the misconduct of defendant Ellis and did not respond accordingly. Therefore, the Court finds sufficient evidence to demonstrate a genuine issue of material fact as to whether respondeat superior liability exists based upon the acts of defendants Liles and Buratti.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's intentional infliction of emotional distress claim.

### 3.    Negligence *Per Se*

Plaintiff also asserts that defendants Liles and Buratti had a legal duty to report the alleged assaults by defendant Ellis to the Oklahoma Department of Human Services ("DHS") pursuant to the Oklahoma Child Abuse Reporting Act ("Act"), Okla. Stat. tit. 10, §§ 7101, *et seq.* The duties and responsibilities with respect to a school employee's obligations to report alleged child molestation are set forth in the Act. In pertinent part, the Act states "[e]very...teacher of any child under the age of eighteen (18) years, and...*other person* having reason to believe that a child under the age of eighteen (18) years is a victim of abuse and neglect, shall report the matter promptly to the Department of Human Services." Okla. Stat. tit. 10, § 7103 (emphasis added).

Citing to the Court's Order denying the motion to dismiss in this case, defendants assert that a statutory tort with a private right of action does not arise from the Act. Defendants also assert the Act applies to situations where a child is suspected of having been abused by a caretaker in a residential setting. Specifically, defendants contend there is nothing in the provisions of the Act which can be reasonably construed as creating a cause of action from a school employee's failure to report suspected abuse.

The above-referenced Order denying the motion to dismiss states the following:

> However, defendants misconstrue the nature of plaintiff's negligence claim. Plaintiff appears to base liability on the common law tort that defendant's failure to report the suspicion of child abuse led, in part, to plaintiff's sustained injury, rather than liability on the existence of Okla. Stat. tit. 10, § 7101. "A statutory right of action and a common law negligence action are two distinct bases of civil liability." *Draper v. Westfield*, 181 S.W.3d 283, 292 (Tenn. 2005). In this context, "[l]iability for [negligence per se] is incurred when it can be shown the plaintiff's injury resulted from a statutory violation and the plaintiff falls into a class of persons whom the legislature intended to protect." *Morgan v. Galilean Health Enter., Inc.*, 977 P.2d 357, 361-62 (Okla. 1998).

September 3, 2008 Order, docket no. 16, at 8.

Having reviewed the parties' submissions, the Court finds that defendants' argument is misplaced. Nowhere in the Court's ruling is it suggested that plaintiff may proceed with a statutory right of action. Rather, the Court found and now finds again that plaintiff may assert her common law negligence action based upon a statutory violation of the Act. Stated differently, plaintiff does not base liability on the mere existence of the Act; rather, the Court finds plaintiff's claim for liability is based on the common law tort claim that defendant's failure to report the suspicion of child abuse led, in part, to plaintiff's sustained injury.

The Court further finds that A.B. was clearly within the class of persons whom the Act was meant to protect and suffered the kind of injury that the Oklahoma Legislature intended to prevent. Furthermore, while defendants Liles and Burrati are not teachers under the Act, the Court does find that these defendants are, at a minimum, *other persons* under the Act.

Accordingly, the Court DENIES the motion for summary judgment as to plaintiff's negligence *per se* claim.

### 4. Assault and Battery

To the extent plaintiff's claim of assault and battery is alleged against defendants District, Liles and Burrati, defendants assert these acts are not within the scope of a public employee's employment. In her response, plaintiff concedes that the claims of assault and battery are directed at defendant Ellis rather than defendants District, Liles and Burrati.

Accordingly, the Court GRANTS the motion for summary judgment as to the assault and battery claim against defendants District, Liles and Burrati.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES the motion to strike, GRANTS the motion for summary judgment as to the assault and battery claim against defendants District, Liles and Burrati, and DENIES the motion for summary judgment in all other respects.

**IT IS SO ORDERED this 27th day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE